COMMON PLEAS COURT
WARREN COUNTY, OHIO
FILED

2023 MAY 18 AM 10: 47

JAMES L. SPAETH
CLERK OF COURTS

IN THE COURT OF COMMON PLEAS
CIVIL DIVISION
WARREN COUNTY, OHIO

| | |
|---|---|
| CRAIG TREISCH<br>921 LESLIE COURT<br>MASON, OHIO 45040<br><br>Plaintiff,<br><br>-vs.-<br><br>THE TRAVELERS COMPANIES, INC.<br>485 LEXINGTON AVENUE<br>NEW YORK, NEW YORK 10017<br>Please Serve:<br>The Travelers Companies, Inc.<br>c/o Corporation Service Company<br>Goodwin Square<br>225 Asylum Street, 20th Floor<br>Hartford, Connecticut 06103<br><br>AND<br><br>THE TRAVELERS INDEMNITY COMPANY<br>DBA TRAVELERS INSURANCE<br>ATTN: ALAN SCHNITZER,<br>CHAIRMAN AND CEO<br>ONE TOWER SQUARE<br>HARTFORD, CONNECTICUT 06183<br><br>Defendants. | Case No: 23CV96134<br>Judge Peeler<br><br><br>**COMPLAINT WITH<br>JURY DEMAND<br>ENDORSED HEREON** |

Page 1 of 9

Exhibit A

**NOW COMES Plaintiff, Craig Treisch, ["Plaintiff"],** by and through undersigned counsel, and states his Complaint against the named Defendants, as follows:

### I. The Parties

1. Plaintiff, Craig Treisch, resides at 921 Leslie Court in Mason, Warren County, Ohio 45040 ["the subject property"] and has so resided at relevant times herein. The subject property is jointly owned with Debbie Treisch.

2. Plaintiff had insured the subject property through Defendants, The Travelers Companies, Inc. and/or The Travelers Indemnity Company DBA Travelers Insurance. [Collectively, "Defendants" or "Travelers"].

3. This case arises, *inter alia*, from the negligent and/or willful failure of the Defendants to fully, adequately and timely indemnify the Plaintiff for his covered loss, which occurred **on or about April 05, 2023**

4. Defendant, The Travelers Companies, Inc. is a Connecticut property and casualty insurance company headquartered in New York, which issued a homeowners' insurance policy contract to the Plaintiff which was in full force and effect at the time of the subject property loss. Defendant conducts substantial business within Warren County, Ohio. Pursuant to Civil Rule 10(D)(1), a copy of the policy is not attached because it is in the possession, custody or control of the Defendant.

5. Defendant, The Travelers Indemnity Company DBA Travelers Insurance, is a Connecticut property and casualty insurance company, headquartered in Hartford, Connecticut, which issued a homeowners' insurance policy contract to the Plaintiff which was in full force and effect at the time of the subject property loss. Defendant conducts substantial business within

Warren County, Ohio. Pursuant to Civil Rule 10(D)(1), a copy of the policy is not attached because it is in the possession, custody or control of the Defendant.

## II. Jurisdiction and Venue

6. Jurisdiction is properly invoked in the Warren County Court of Common Pleas, as this Court has jurisdiction over actions for breach of insurance policy contract, and for bad faith, arising from a covered loss and for remediation and restoration services, in which the subject property is located in Warren County, Ohio.

7. Venue is proper in Warren County, Ohio, as the subject property is in said county, the material events of the subject property loss occurred in said county and the Defendants conduct substantial business in Warren County, Ohio.

## III. Statement of Facts

8. The subject property, located at **921 Leslie Court, in Mason, Warren County, Ohio 45040**, was (and still is) owned by the Plaintiff and is the Plaintiff's primary residence.

**9. On or about April 05, 2023,** Plaintiff suffered a substantial wind storm loss to, *inter alia*, the roof of the subject property.

10. Plaintiff promptly notified Defendants of the occurrence on or about April 05, 2023, and has satisfied all conditions precedent to pursue a bona fide and valid property loss claim under the subject Travelers insurance contract, which was in full force and effect on the date of the subject loss.

11. Plaintiff duly reported the loss and fully cooperated with the Defendants following the subject wind storm loss. Defendants failed to conduct a reasonable investigation of the loss.

12. As a result of the subject covered loss, there was substantial damage and/or destruction to the structure and/or contents and/or loss of use and/or additional damages at the subject property.

13. Defendants wrongfully denied the claim and/or certain portions of the claim and/or processed the claim in bad faith, and/or otherwise engaged in wrongful acts and omissions in failing to indemnify the Plaintiffs for a covered loss.

14. Plaintiff placed reasonable reliance in the Defendants that said Defendants would act in good faith, engage in fair dealing, adjust the claim in good faith and indemnify the Plaintiffs promptly for their property loss, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

## COUNT I: BREACH OF CONTRACT

15. Plaintiff restates and re-alleges the allegations contained in Paragraphs One through Fourteen (1-14), with the same force and effect, as though fully rewritten herein.

16. Plaintiff placed reasonable and justifiable reliance upon the Defendants to perform the reasonable and necessary services to adjust the subject wind storm loss and to adequately indemnify the Plaintiff for the subject loss.

17. Defendant owed a duty of good faith and fair dealing to the Plaintiff in carrying out its duties under the subject insurance policy.

18. Defendants breached their duty of good faith and fair dealing, by, *inter alia,* engaging in the following acts or omissions:

(a) failing to promptly and reasonably adjust and pay the Plaintiffs' claim;

(b) failing to establish a reasonable justification for the denial of the Plaintiffs' claim;

(c) taking advantage of the Plaintiff's vulnerable position in order to force the Plaintiff to accept an unfair settlement of the Plaintiff's claim;

(d) failing to properly inspect the site of the loss and to adequately and properly investigate the claim, with the wrongful intent to deny the Plaintiff's claim from its inception;

(e) failing to properly analyze the cause of the loss and/or the applicable coverage;

(f) failing to properly review the analysis contained in any reports related to the loss in its possession;

(g) failing to properly review the available evidence related to the loss;

(h) failing to perform a good faith analysis of the loss;

(i) failing to prepare a good faith estimate of damages caused by the loss;

(j) refusing Plaintiffs' reasonable requests for information;

(k) failing to indemnify the Plaintiff for his losses and damages within a reasonable period of time;

(l) failing to properly train, supervise and/or instruct its adjusters and/or agents;

(m) failing to provide uniform and/or standard guidelines and/or materials to adjusters and/or agents to properly evaluate claims;

(n) failing to timely provide sufficient funds for the repairs and replacement of the subject property;

(o) failing to pay sufficient living expenses and/or loss of use expenses incurred by the Plaintiffs, in accordance with the governing policy of insurance;

(p) failing to provide sufficient funds for the repair and/or replacement of the contents contained in the subject dwelling, as provided for in the subject policy of insurance;

(q) acting with malice and/or aggravated and/or egregious fraud, and/or, as principal or master, knowingly authorizing, participating in, or ratifying the actions and/or omissions of an agent or servant of the Defendant; and

(r) engaging in other wrongful acts or omissions to be shown at trial on the merits.

**19.** As a direct and proximate result of the above-referenced material breach of the insurance contract by the Defendants, Plaintiff has sustained losses and damages, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

**20.** To the extent the conduct of the Defendants is shown to be willful, wanton, fraudulent, oppressive and/or done in conscious disregard for the property interests of the Plaintiff, then the Plaintiff is entitled to an award of punitive damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

## COUNT II: BAD FAITH

**21.** Plaintiff restates and re-alleges each and every allegation contained in Paragraphs One through Twenty (1-20), with the same force and effect, as though fully rewritten herein.

**22.** As property and casualty insurers, Defendants, their respective management and personnel, have the obligation to act in good faith in addressing coverage decisions, including, but not limited to, acting in good faith in the processing and adjustment of claims, upon the occurrence of a covered event.

**23.** Defendants' wrongful failure to promptly and reasonably adjust the subject loss claim, as alleged herein, constitutes a series of arbitrary and capricious acts, without a reasonable factual basis and/or legal justification, thereby constituting multiple acts of bad faith towards the insured homeowner, the Plaintiff.

**24.** As a direct and proximate result of Defendants' bad faith conduct, Plaintiff has been damaged in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

25. The conduct of the Defendants has been intentional, malicious, purposeful and/or done in conscious disregard of the rights of the Plaintiff, such that the Plaintiff is entitled to an award of punitive damages or exemplary damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

### RELIEF REQUESTED

**WHEREFORE, Plaintiff, Craig Treisch,** by and through counsel, demands the following relief:

A. Judgment against Defendant, **The Travelers Companies, Inc.,** for the full value of the losses and damages sustained by the Plaintiff, as alleged herein, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial;

B. Judgment against Defendant, **The Travelers Companies, Inc.,** for an award of punitive damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial;

C. Judgment against Defendant, **The Travelers Indemnity Company DBA Travelers Insurance,** for the full value of the losses and damages sustained by the Plaintiff, as alleged herein, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial;

D. Judgment against Defendant, **The Travelers Indemnity Company DBA Travelers Insurance,** for an award of punitive damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial;

E. An award of reasonable attorney's fees and costs incurred in the prosecution of this action;

F. An award of pre-judgment interest; and

G. Such further additional relief, whether at law or at equity, as the Court may deem proper and just.

Respectfully Submitted,

*/s/*

Blake R. Maislin, Esq. [0068413]
Michael C. Lind [Atty. Reg. #: 102736] [PPA]
Benjamin A. Kling [100381]
Trial Attorneys for Plaintiff, Craig Treisch
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, Ohio 45206
(513) 444-4444 Ext. 101, 121, 146
(513) 721-5557 (FAX)
E-mail: blake@maislinlaw.com
E-mail: mlind@maislinlaw.com
E-mail: bkling@maislinlaw.com

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable, pursuant to, *inter alia*, Civil Rules 38 and 39 of the Ohio Rules of Civil Procedure.

*/s/*

Blake R. Maislin, Esq. [0068413]
Michael C. Lind [Atty. Reg. #: 102736] [PPA]
Benjamin A. Kling [100381]
Trial Attorneys for Plaintiff, Craig Treisch
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, Ohio 45206
(513) 444-4444 Ext. 101, 121, 146
(513) 721-5557 (FAX)
E-mail: blake@maislinlaw.com
E-mail: mlind@maislinlaw.com
E-mail: bkling@maislinlaw.com

## INSTRUCTIONS TO THE CLERK

Please issue Summons and serve the Summons and Complaint upon the named Defendant at the address stated in the caption via Certified U.S. Mail Service, Return Receipt Requested. Should service be returned as **"UNCLAIMED,"** then please re-issue service to that Defendant, via regular U.S. mail service, postage prepaid.

*/s/* 5.18.23

Blake R. Maislin, Esq. [0068413]
Michael C. Lind [Atty. Reg. #: 102736] [PPA]
Benjamin A. Kling [100381]
Trial Attorneys for Plaintiff, Craig Treisch
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, Ohio 45206
(513) 444-4444 Ext. 101, 121, 146
(513) 721-5557 (FAX)
E-mail: blake@maislinlaw.com
E-mail: mlind@maislinlaw.com
E-mail: bkling@maislinlaw.com