UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Craig Treisch,

    Plaintiff,

v.

Travelers Property Casualty
Insurance Company,

    Defendant.

Case No. 1:23cv373

Judge Michael R. Barrett

## OPINION & ORDER

This matter is before the Court upon Defendant Travelers Property Casualty Insurance Company's Motion for Partial Summary Judgment. (Doc. 27). Plaintiff Craig Treisch has filed a Response (Doc. 29); and Defendant filed a Reply (Doc. 30). Also before the Court is Defendant's Motion to Stay and Bifurcate Plaintiff's "Bad Faith" Claim and Punitive Damages Claim. (Doc. 13). This Motion to Stay and Bifurcate has also been fully briefed. (Docs. 14, 17, 18, 20).

### I. BACKGROUND

This case arises out of an insurance claim for damage to Plaintiff's home as a result of a storm. There is no dispute that Plaintiff's home was covered by the policy issued by Defendant. (Doc. 27-3). There is also no dispute that on April 5, 2023 a storm damaged Plaintiff's home. On May 2, 2023, Defendant's adjuster inspected the home. (Doc. 27-1, Jason Carper Aff., ¶ 6). Defendant also paid for an inspection of the roof by Dan Dalton of Seek Now, who reported no weather-related damage to the roof, but noted water damage inside the home which was probably caused by wind-driven

rain or water from the downspouts during the storm. (Doc. 27-4; Doc. 29, PAGEID 387). The inspection report also noted there was damage to an area of the vinyl siding on Plaintiff's home. (Doc. 29, PAGEID 387). Defendant determined that a similar siding was available for repairs. (Doc. 27-5). Defendant agreed to pay for damage to the home found during the inspection. (Doc. 27-1, Carper Aff., ¶ 7). On May 2, 2023, Defendant sent a letter to Plaintiff providing an estimate of the cost to repair the damage; and informed Plaintiff that it would pay $4,026.91 on the claim. (Doc. 27-6). On May 4, 2023, counsel for Plaintiff sent a letter to Defendant explaining that counsel was currently investigating the claim and would keep Defendant "informed of discoveries as they come to light." (Doc. 27-7). Defendant acknowledged the letter in a response that same day. (Doc. 27-7, Carper Aff., ¶9). Defendant did not receive any further communication from Plaintiff's counsel. (Id., ¶10).

On May 18, 2023, Plaintiff filed his Complaint. (Doc. 7). Plaintiff maintains Defendant is required cover the costs of a full roof replacement along with related exterior damage. Plaintiff disagrees that the roof damage is from wear and tear. Plaintiff also does not agree to a partial replacement of the siding due to concerns with matching the siding.

Plaintiff brings state-law claims for breach of contract (Count I) and bad faith (Count II). (Doc. 7). In its Motion for Partial Summary Judgment, Defendant seeks dismissal of Plaintiff's claims that Defendant "breached its duty of good faith and fair dealing," and "act[ed] with malice and/or aggravated and/or egregious fraud[.]" Defendant explains that even though Count II of the Complaint is captioned "Bad Faith," the "Breach of Contract" claim in Count I also contains allegations of extra-contractual

liability. Defendant maintains it is entitled to a dismissal of any extra-contractual and punitive damage claims, as well as any request for attorney fees in the Complaint. In his Response to Defendant's Motion, Plaintiff offers to withdraw the claim for punitive damages and attorney's fees. (Doc. 29, PAGEID 391).

## II. ANALYSIS

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

### B. Bad faith

In Ohio, "an insurer has the duty to act in good faith in the handling and payment of the claims of its insured." *Hoskins v. Aetna Life Ins. Co.*, 6 Ohio St.3d 272, 452 N.E.2d 1315, 1319 (Ohio 1983). An insurer "fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor." *Zoppo v. Homestead Ins. Co.*, 71 Ohio St.3d 552, 644 N.E.2d 397, 400 (Ohio 1994) (citation omitted). "A bad faith claim, if proven, allows for recovery of extracontractual damages." *LeForge v. Nationwide Mut. Fire Ins. Co.*, 82 Ohio App. 3d 692, 700, 612 N.E.2d 1318, 1323 (Ohio

Ct. App. 1992) (citing *Asmaro v. Jefferson Ins. Co. of New York*, 62 Ohio App.3d 110, 118, 574 N.E.2d 1118, 1123 (Ohio Ct. App. 1989)). "These are damages over and above those covered by the insurance contract sustained by the insured as a consequence of the insurer's bad faith." *Id*. at 1323-24.

Defendant maintains that in processing Plaintiff's claim it acted with reasonable justification, and therefore it did not act in bad faith or breach any covenant of good faith and fair dealing. Defendant explains it is entitled to summary judgment on this point.

"Summary judgment in favor of the insurer is appropriate where, viewing the evidence in the light most favorable to the insured, the claim was fairly debatable and the refusal was premised on the status of the law at the time or the facts that gave rise to the claim." *Zoppo*, 644 N.E.2d at 400. "[A]n insured must oppose such a motion with evidence which tends to show that the insurer had no reasonable justification for refusing the claim, and the insurer either had actual knowledge of that fact or intentionally failed to determine whether there was any reasonable justification for refusing the claim." *Tokles v. Midwestern Indemnity Co.*, 65 Ohio St.3d 621, 630, 605 N.E.2d 936, 943 (Ohio 1992).

Defendant explains that Plaintiff's house was promptly inspected; and its coverage determination and repair estimate was communicated to Plaintiff within a day of the inspection. (Doc. 27-1, Carper Aff., ¶¶5-7). Plaintiff responds that his bad faith claim is not based on timing. Instead, Plaintiff maintains that Defendant did not have a reasonable justification for offering $4,026.91 or for its decision to cover interior damage without covering the cost of full roof replacement. Plaintiff explains that the interior damage was the result of the storm damage to the roof. According to Plaintiff's

4

contractor, the water intrusion only started to occur after the storm.  Plaintiff's contractor estimates the cost of repair is $90,432.98.[1]

Construing the evidence in the light most favorable to Defendant, the claim was fairly debatable.  While Plaintiff's contractor believes the water intrusion was due to storm damage to the roof, Defendant's inspector concluded that there was no storm damage to the roof and the water leaks were caused by the downspouts.  (Doc. 27-4, PAGEID 342).  Plaintiff has not presented evidence which tends to show Defendant had no reasonable justification for refusing to pay the cost of full roof replacement.  Instead, the evidence in the record shows that Defendant performed an inspection and determined that the roof had not been damaged by the storm.  This does not amount to bad faith.  *Accord Larrison v. Westfield Ins. Co.*, 2024 Ohio App. LEXIS 3356 (Ohio Ct. App. Sept. 19, 2024) ("Although the Larrisons presented evidence that hail had functionally damaged their roof, this evidence only made their claim fairly debatable; it did not create a question of fact precluding summary judgment on the bad faith claim.").  Therefore, Defendant is entitled to summary judgment in its favor on Plaintiff's bad faith claim and Plaintiff is not entitled to recover extracontractual damages.

### III. <u>CONCLUSION</u>

Based on the foregoing, it is hereby **ORDERED** that Defendant Travelers Property Casualty Insurance Company's Motion for Partial Summary Judgment (Doc. 27) is **GRANTED**.  Plaintiff's claim for bad faith (Count II) is hereby **DISMISSED**; and Plaintiff's claim for breach of contract (Count I) remains pending.

---

[1] This estimate has not been made a part of the record.

Accordingly, Defendant's Motion to Stay and Bifurcate Plaintiff's "Bad Faith" Claim and Punitive Damages Claim (Doc. 13) is **DENIED as MOOT**.

**IT IS SO ORDERED.**

                                                 */s/ Michael R. Barrett*
                                               JUDGE MICHAEL R. BARRETT